### "MADE TO ORDER PROSECUTIONS" IN LIQUOR CASES.

[Circuit Court of Franklin County.]

VALENTINE KAPPES v. THE STATE OF OHIO.

Decided, October, 1904.

*Jurisdiction—Justices' Code—Section 6529 of—Motion for Change of Venue.*

1. The provision of Section 6529 of the Justices' Code does not apply to mayors' courts in criminal proceedings.
2. A motion for a change of venue under Section 6529 and the evidence thereunder must disclose, on review, a ground for the change.
3. It is elementary that two courts can not take jurisdiction of the same person and the same subject matter at the same time.

On September 1, 1903 a warrant was secured before James S. Ricketts, Mayor of the Village of Marble Cliff, in Franklin township, Franklin county, Ohio, charging Valentine Knappes with having kept open a saloon on Sunday. He was arrested, and the case was set for hearing on September 8 before the mayor of the village. On September 5, Valentine Kappes was arrested by his porter for the same offense upon a warrant secured before H. W. Gaver, a justice of the peace in the same township. A plea of not guilty was entered, and trial was had; the defendant was found guilty and fined $25 and costs. When the case was called for trial before James S. Ricketts, Mayor of the Village of Marble Cliff, the defendant interposed his prior arrest and conviction before H. W. Gaver, Justice of the Peace, as a plea in bar. The mayor of the village rejected the plea in bar; the defendant was tried and found guilty and fined $100 and costs. The defendant then carried the case on error to the Court of Common Pleas of Franklin County, Ohio, which court affirmed the judgment of the mayor of the village. Valentine Kappes then carried the case to the circuit court on error. The circuit court affirmed the judgment of the court of common pleas in the following opinion:

WILSON, J.; SULLIVAN, J., and DUSTIN, J., concur.

The judgment in this case is affirmed. The provisions of Section 6529 of the Justices Code do not apply to mayor's courts in criminal proceedings. If they did, the motion for change of venue and the evidence do not disclose a ground for change under that section.

The made to order prosecution in the court of H. W. Gaver, Justice of the Peace, was nullity. Two courts, having concurrent jurisdiction, can not take jurisdiction of the same person and the same subject matter at one and the same time. The jurisdiction of the court first acquiring the same is exclusive. This is elementary. The cause is remanded to the mayor's court for execution.

C. D. Saviers and G. E. Trump, for plaintiff in error.

W. B. Wheeler and M. E. Thrailkill, for defendant in error.